# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION – IN ADMIRALTY

## CIVIL ACTION NO: 4:20-CV-211

| | |
|---|---|
| In the Matter of:<br><br>DAVID L. BLAIN and CAROLINE W. BLAIN, Owners of a 1987 Grady White 23' +/- Gulfstream, HIN # NTLCX226J687, NC Registration # NC-7427 BJ, her engines, tackle, apparel, appurtenances, towable tube, tow line, fittings, etc.<br><br>For Exoneration from<br>or Limitation of Liability | **VERIFIED COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY** |

NOW COMES David L. Blain and Caroline W. Blain ("Limitation Plaintiffs") as Owners of a 1987 Grady White 23' +/- Gulfstream, HIN # NTLCX226J687, NC Registration # NC-7427 BJ, her engines, tackle, apparel, appurtenances, towable tube, tow line, fittings, etc., and seek exoneration from or limitation of liability, civil and maritime, pursuant to 46 U.S.C. § 30501, *et. seq.*, Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and as otherwise may be allowed by law and allege the following:

1. This is a case of admiralty and maritime jurisdiction over which the Court has subject matter jurisdiction pursuant to Title 28, Section 1333(1) of the United States Code. This Court's admiralty and maritime jurisdiction is invoked pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. Venue is proper in this

Court pursuant to Supplemental Admiralty Rule F(9) in that the Limitation Plaintiffs' Vessel (as defined below) at issue is located within this District.

2. Limitation Plaintiffs are citizens and residents of Craven County, North Carolina.

3. At all pertinent times, David Blain was and is the registered owner of and Caroline Blain is an owner and/or has an equitable ownership interest in a 1987 Grady White 23' +/- Gulfstream, HIN # NTLCX226J687, NC Registration # NC-7427 BJ, her engines, tackle, apparel, appurtenances, towable tube, tow line, fittings, etc. ("Vessel").

4. The Vessel is currently located within this District in Craven County, North Carolina.

5. Upon information and belief, on August 4, 2020 between about 3:00 p.m. and 4:00 p.m., the Vessel sailed from at or near 4901 Trent Woods Drive in Trent Woods, North Carolina ("Commencement Location") for a pleasure, recreational, not "for hire" trip upon the Trent River, a navigable body of water, in unremarkable weather conditions ("Voyage").

6. Upon information and belief, Jorge Manuel Ardon, Paul Edward Blain ("Paul"), Matthew Camelo Bonnici, Emmanuelle Esparza, Julianna Lopez ("Lopez"), Aleiah Nottingham ("Nottingham"), Allison Papuga ("Papuga"), and Kaitlyn Whitt-Tokie ("Whitt-Tokie") were aboard the Vessel for the Voyage.

7. Limitation Plaintiffs were not, at any time, aboard the Vessel during the Incidents (as defined below).

8. Paul is (and at all times relevant was) a trained and experienced operator of the Vessel having operated the Vessel safely in the subject waters for many years. Prior to the Voyage, Paul completed a North Carolina and National Association of State Boating Law Administrators (NASBLA)-approved boater safety education course.

9. Upon information and belief during the Voyage, on at least two occasions, the Vessel was towing her 3-person towable tube, in navigable waters of the United States.

10. Upon information and belief, during one of these occasions, Paul and Whitt-Tokie were occupying the tube while all other occupants were aboard the Vessel; Whitt-Tokie came off of the Tube while it was being towed by the Vessel (the "First Incident"); it is unclear to Limitation Plaintiffs who was at the helm at the time of the First Incident.

11. Upon information and belief, at some point after the First Incident, the Vessel was again towing the tube, this time with occupants Lopez, Nottingham and Papuga while all other occupants were aboard the Vessel.

12. Upon information and belief, at about 8:00 p.m. on August 4, 2020, while being towed by the Vessel operated by Paul, the tube allided with (struck) a dock and/or pier located at or near 4 Wilson Point Road, Trent Woods, North Carolina, and Lopez, Nottingham and Papuga came off of the tube (the "Second Incident").

13. After the Second Incident, some of the occupants of the Vessel swam to and assisted Lopez, Nottingham and Papuga in exiting the water.

14. The Vessel arrived at or near the dock and/or pier located at 4 Wilson Point Road, Trent Woods, North Carolina ("Termination Location"). At which time, Paul departed the Vessel and the Voyage ended.

15. In the early morning hours of August 5, 2020, the Vessel was returned to the Commencement Location without incident.

16. Upon information and belief, no alleged claim or potential claim of anyone nor any alleged injury to anyone aboard the Vessel or otherwise was caused or contributed to by any fault or negligence on the part of the Limitation Plaintiffs, the Vessel, or anyone for whom the Limitation Plaintiffs may be responsible. If there is any fault or negligence on the part of the Limitation Plaintiffs, the Vessel, or anyone for whom the Limitation Plaintiffs may be responsible, which is expressly denied, then said negligence may be imputed to any claimants or third parties and / or may comparatively reduce the proportion of negligence or corresponding liability of Limitation Plaintiffs.

17. Upon information and belief, any alleged injury to Whitt-Tokie, Lopez, Papuga or Nottingham and/or anyone else aboard the Vessel at any time during the Voyage and/or other casualty or potential claim arising out of the Voyage, First Incident or Second Incident (collectively the "Incidents") was occasioned or incurred without the privity or knowledge of the Limitation Plaintiffs.

18. Upon information and belief, the Incidents, and any alleged injuries or damages occurring therefrom, were occasioned and incurred as a result of some

excusable cause, including but not limited to marine peril and/or fault of another/others.

19. The Limitation Plaintiffs invoke the benefits of the Limitation of Shipowners' Liability Act, 46 U.S.C.A. § 30501, et. seq., and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims. Limitation Plaintiffs also hereby claim the benefits of all statutes and acts of the Congress of the United States, whether named herein or not, granting or providing for exoneration from or limitation of liability to vessel owners. In this regard, the Limitation Plaintiffs will show that neither they nor the Vessel are liable to any extent, and that they are each entitled to exoneration from liability for all losses, damages, or injury occasioned by reason of the matters aforesaid. Alternatively, and without admitting liability, the Limitation Plaintiffs will show that, in the event they are found liable to any party by reason of the Incidents described herein, the Limitation Plaintiffs are entitled to limit their liability to the value of their interest in the Vessel immediately after the Incidents.

20. The Limitation Plaintiffs used diligence to ensure that the Vessel was seaworthy and, upon information and belief, at the commencement of the Voyage, and at all times during the Voyage, she was tight, staunch, strong, fully equipped and supplied, seaworthy and fit for the service in which she was engaged.

21. The Limitation Plaintiffs have knowledge of or anticipate claims by Whitt-Tokie, Nottingham and/or Lopez arising out of the Incidents. Although other claims are possible, Limitation Plaintiffs are informed and believe that, insofar as

can be determined, no demands or claims of liens in contract, tort, marine salvage or otherwise relating to the Voyage in question have yet been made against Limitation Plaintiffs.

22. The value of the Limitation Plaintiffs' interest in the Vessel at the close of the Voyage and pending freight did not exceed $16,250.00 as further evidenced by the *Affidavit of Marine Surveyor,* Brian Donnalley and accompanying report, which is attached as **Exhibit 1**.

23. The amount of claims anticipated against the Limitation Plaintiffs and the Vessel are expected to exceed the value of the Limitation Plaintiffs' interest in the Vessel, including pending freight.

24. This Complaint is filed not later than six (6) months after the Voyage, let alone after receipt of any claim in writing.

25. Venue for this Complaint lies within this District; the Vessel has not been arrested; neither Limitation Plaintiff has been sued to their knowledge with respect to any claim relating to the Voyage and/or Incidents; and the Vessel is currently located in Craven County, North Carolina, thus, within this District and Division.

26. Subject to an appraisal of the Limitation Plaintiffs' interest on a reference, the Limitation Plaintiffs, contemporaneously with the filing of this Complaint, are submitting an *ad interim* stipulation of value not less than or equal to the amount or value of Limitation Plaintiffs' interest in the Vessel and pending freight in the sum of $16,750.00 (being a sum equal to the amount or value of the

Limitation Plaintiffs' interest in the Vessel ($16,250.00), pending freight (none), plus costs ($500.00) per Supplemental Rule F(1) and Local Rule F.1) plus interest at the rate of 6% per annum from the date of the security.

27. Limitation Plaintiffs invoke admiralty and maritime law and jurisdiction and further seeks exoneration from or limitation of liability for any and all claims arising out of the Voyage and/or Incidents.

**WHEREFORE**, the Limitation Plaintiffs prays that this Honorable Court will:

a. Enter an Order accepting the Limitation Plaintiffs' *ad interim* stipulation of value as approved security for such estimated value of Limitation Plaintiffs' interest in the Vessel and pending freight and thereupon release the Vessel from any and all liability in the premises, said *ad interim* stipulation and undertaking to be continued in force and effect until the value of Limitation Plaintiffs' interest in the Vessel might be more fully determined, if requested, in which event Limitation Plaintiffs shall, thereupon, either pay the additional amount into the Court or issue such additional bond, approved security, or stipulation sufficient to fully cover such appraisal;

b. Issue a notice to any and all persons, firms or corporations claiming damages or losses for or in connection with the Voyage and/or Incidents against Limitation Plaintiffs and/or the Vessel, citing and admonishing them to answer the allegations of this Complaint in accordance with the

       law and practice of this Honorable Court, or otherwise, as and when ordered by the Court;

c.     Except in these proceedings for exoneration from or limitation of liability, issue an injunction enjoining and restraining any and all person or persons, firms, or corporations claiming damages or losses resulting from the aforesaid Voyage and/or Incidents from prosecuting or attempting to prosecute other proceedings upon their claims against the Limitation Plaintiffs and/or Vessel, and also, except in this proceeding, enjoining and restraining any and all person or persons, firms or corporations from commencing or prosecuting any claim or claims, suit or suits, action or actions, or other proceedings of any nature or description against Limitation Plaintiffs and/or the Vessel whatsoever for or in connection with or on account of, incidental to, or resulting from the Voyage and/or Incidents;

d.     Order that said notice as required by Supplemental Rule F(4) and Local Admiralty Rule F.2 shall be published in <u>The News and Observer</u> (Raleigh, North Carolina), a general circulation printed and published in Wake County, North Carolina; once each week for four (4) consecutive weeks before the return date of the notice;

e.     Adjudge and decree in this proceeding that the Limitation Plaintiffs and the Vessel are not liable in any manner or to any extent for any claim or damage whatsoever from or on account of, or in connection with, or

incidental to the matters, Voyage and Incidents aforesaid; or if the Court shall adjudge that the Limitation Plaintiffs and the Vessel are liable for all or any part of said claims or demands, then Order that the liability of the Limitation Plaintiffs be limited to the value of their interest in the Vessel and pending freight as of the conclusion of the Voyage, and that the monies paid or secured to be paid as aforesaid be divided *pro rata* among the claims filed as provided by law, and that the Limitation Plaintiffs and the Vessel be discharged from all further liability; and

f.  If Limitation Plaintiffs shall be found liable, a declaration that Limitation Plaintiffs shall be indemnified by the party or parties, currently known or unknown, who are either wholly or primarily responsible for any alleged injuries or damages arising out of the incidents;

g.  Declare that all persons, firms, or corporations who fail to file a claim in this proceeding are in default and are forever barred from making any claim for such loss, damage, injury or expense in this proceeding, or in any other proceeding related to the incidents or the alleged acts or omissions of Limitation Plaintiffs; and

h.  Enter such other Orders as will give to the Limitation Plaintiffs and the Vessel such other and further relief as may be just and proper in the premises.

This the 13th day of November, 2020.

                CRANFILL SUMNER & HARTZOG LLP

                /s/ Jason R. Harris
                Jason R. Harris
                N.C. State Bar No. 27876
                Laura E. Dean
                N.C. State Bar No. 43775
                101 N. 3rd Street, Suite 400
                Wilmington, NC 28401
                (910) 777-6000
                (910) 777-6142 Fax
                jharris@cshlaw.com
                ldean@cshlaw.om
                *Attorneys for Limitation Plaintiffs*

STATE OF Arizona

COUNTY OF Maricopa         **VERIFICATION**

    I, David L. Blain, do hereby declare, under oath, that I have read the foregoing Complaint, and the same is true of my own knowledge, except to those matters and things stated upon information and belief and as to these things, I believe them to be true.



_____
David L. Blain

SWORN TO AND SUBSCRIBED before me this the 12 day of November, 2020.

_____
Notary Public

My Commission Expires: 07/11/2021

STATE OF NORTH CAROLINA

COUNTY OF CRAVEN         **VERIFICATION**

I, Caroline W. Blain, do hereby declare, under oath, that I have read the foregoing Complaint, and the same is true of my own knowledge, except to those matters and things stated upon information and belief and as to these things, I believe them to be true.

_Caroline W. Blain_
Caroline W. Blain

SWORN TO AND SUBSCRIBED before me this the 11 day of November, 2020.

_Jordan Alexa Gonzalez_
Notary Public

My Commission Expires: 06-15-2025

[Notary Seal: JORDAN ALEXA GONZALEZ, NOTARY PUBLIC, CRAVEN COUNTY, NC]