IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 4:20-cv-00211-M

In the Matter of: )
)
DAVID L. BLAIN and CAROLINE W. )
BLAIN, Owners of a 1987 Grady White 23' )
+/- Gulfstream, HIN # NTLCX226J687, NC )
Registration # NC-7427 BJ, her engines, ) ORDER
tackle, apparel, appurtenances, towable tube, )
tow line, fittings, etc. )
)
For Exoneration from )
or Limitation of Liability )

This matter comes before the court on five pending motions in two consolidated admiralty actions—one limitation proceeding and another standalone suit. The disputes involve simple facts but complicated procedural histories clarified by these rulings. To start, the court enters defaults as to all potential claimants who failed to timely file claims in the limitation proceeding. Voluntary dismissal by one claimant renders moot the motion to dismiss her claim. Similarly, the remaining claimant's amended pleading renders moot the motion to dismiss her superseded claim. That said, dismissal remains appropriate for her separate claims brought against the vessel's owners in violation of this court's order. Her other separate claims may proceed in admiralty, but the jury demand must be stricken. These motions and their resolutions are explained below.

I. Background

A. Factual Background

These matters stem from a boating accident on the Trent River. This accident involved David and Caroline Blain's 1987 Grady White 23' +/- Gulfstream, HIN # NTLCX226J687, NC Registration # NC-7427 BJ (the Vessel). While boating with friends on August 4, 2020, their son

Paul Blain towed a tube into a dock (the Voyage). Julianna Lopez and Aleiah Nottingham were among the passengers on the tube during this collision.

## B. Procedural Background

**The Limitation Action:** On November 13, 2020, David and Caroline Blain (the Limitation Plaintiffs) initiated the above-captioned matter (the Limitation Action or L.A.) by filing a complaint under the Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501–30512. L.A. DE 1. Ten days later, the court entered an order enjoining all parties from "commencing or prosecuting" any claims arising from the accident against the Vessel or the Limitation Plaintiffs outside the Limitation Action. L.A. DE 6 at 4. Limitation Plaintiffs had to publish notice of the Limitation Action and provide the same to all persons and entities known to have made a claim against the Vessel or Limitation Plaintiffs related to the accident. L.A. DE 6 at 3–5. The Notice directed all potential claimants to file such claims in the Limitation Action by March 5, 2021 or be defaulted. L.A. DE 7 at 2.

Limitation Plaintiffs gave public notice in *The News and Observer* as required by the court's order and Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the Supplemental Rules). L.A. DE 31 ¶ 3; DE 31-2. Consistent with the same, Limitation Plaintiffs provided the Notice to all those they knew were on the Vessel during the Voyage by mail and personal service. *See* L.A. DE 31 ¶¶ 4–5; *see also* L.A. DE 31-2 through 31-17 (providing service affidavits and correspondence with these recipients). Limitation Plaintiffs also mailed the Notice to entities they were informed may have liens or rights related to relevant medical care. L.A. DE 31 ¶ 6; *see also* L.A. DE 31-18 through 31-20 (providing correspondence with these recipients).

Only Lopez and Nottingham filed claims in the Limitation Action. L.A. DE 10; L.A. DE 16. Nottingham has since agreed to dismiss all her claims with prejudice. L.A. DE 88.

Limitation Plaintiffs moved for entries of default against non-appearing parties under Federal Rule of Civil Procedure 55(a) and Supplemental Rules F(4) and F(5). L.A. DE 31.

**The Separate Action:** Lopez's claim incorporated by reference allegations from the complaint she filed contemporaneously in *Lopez v. Blain et al.*, Case No. 4:21-cv-00021-M (the Separate Action or S.A.). L.A. DE 16 at 5; S.A. DE 1. Lopez says she separately sued Limitation Plaintiffs and Paul Blain "out of an abundance of caution." S.A. DE 28 ¶ 8.

**Motions about Lopez's Claims**: On March 19, 2021, Limitation Plaintiffs moved to (1) dismiss Lopez's separate complaint; (2) alternatively, strike her jury demand; and (3) consolidate any remaining claims with the Limitation Action. *See* S.A. DE 10 (including, also, Limitation Plaintiffs' answers). Paul Blain later moved to strike Lopez's demand for a jury trial. S.A. DE 22. Lopez responded in opposition, S.A. DE 27, and Paul Blain replied, S.A. DE 29.

That same day, Limitation Plaintiffs also moved to (1) dismiss Lopez's claim in the Limitation Action or (2) strike her demand for a jury trial. L.A. DE 21. They argue that Lopez sought to import an impermissibly filed complaint. L.A. DE 21 at 2. Lopez received more time to respond, L.A. DE 32, but did not do so.

**Lopez's Amended Claim:** Instead, on April 9, 2022, Lopez filed an amended pleading in the Limitation Action under Federal Rules of Civil Procedure 15(a)(1)(B) and 15(a)(2). *See* L.A. DE 33 at 1 (including a request for leave to amend). Unlike her original pleading, this filing sets out her claim against Limitation Plaintiffs. *Compare* L.A. DE 33 at 5–20, *with* L.A. DE 16 at 5. In response, Limitation Plaintiffs filed amended objections, replies, and defenses as well as a cross-claim against Paul Blain. L.A. DE 53. Likewise, Paul Blain filed answers and affirmative defenses to Lopez's amended pleading, L.A. DE 56, and to Limitation Plaintiffs' cross-claim, L.A. DE 59.

3

**Motion for Consolidation and Stay:** On May 7, 2021, Lopez filed a consent motion seeking to (1) consolidate the Separate Action with the Limitation Action, (2) stay the Separate Action, and (3) extend her time to respond to Limitation Plaintiffs' motion to dismiss. *See* S.A. DE 17 at 4–5 (conditioning the extension on the stay's denial or dissolution). One week later, the court issued an order consolidating the matters but denying the requested stay. S.A. DE 25 at 1; L.A. DE 55 at 1. This order also directed the parties to withdraw all mooted motions. *Id.* Limitation Plaintiffs withdrew their motion to consolidate but asserted that the motion to dismiss the Separate Action remains pending. L.A. DE 60 at 1 (citing S.A. DE 10).

**Subsequent Briefing about the Separate Action:** Following the court's order, Lopez responded in opposition to Limitation Plaintiffs motion to dismiss the Separate Action. S.A. DE 28. She argues that (1) consolidation mooted their motion, S.A. DE 28 ¶ 14; or (2) alternatively, this collateral proceeding should be stayed, S.A. DE 28 ¶¶ 22–28. Limitation Plaintiffs replied, arguing that (1) Lopez's claims in the Separate Action should be dismissed or (2) stayed after striking her demand for a jury trial. *See* S.A. DE 30.

## II. Legal Standards

### A. Entering Defaults under Rule 55

Federal Rule of Civil Procedure 55(a) allows for the entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Supplemental Rule A(2) applies the Federal Rules of Civil Procedure to admiralty actions.

### B. Amending Pleadings under Rule 15

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend a pleading once within (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Courts should freely give leave to amend all other pleadings

4

"when justice requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit instructs that courts should generally give such leave unless amendment would unduly prejudice the opposing party, amount to futility, or reward bad faith. *See Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010).

### C. Dismissing Claims under Rule 41

Federal Rule of Civil Procedure 41(b) authorizes dismissal of actions for failure to prosecute, comply with the rules, or comply with a court order. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (internal quotations omitted); see also *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing the same).

Factual context drives dismissal decisions, but the Fourth Circuit provides four criteria to guide these discretionary determinations. *See Attkisson*, 925 F.3d at 625. District courts should consider "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *See id.* (explaining that these factors need not be ticked through as a "rigid four-prong test").

### D. Striking Matters under Rule 12

Federal Rule of Civil Procedure Rule 12(f) permits a court to strike inappropriate matters from a pleading (1) on its own or (2) on motion by a party before responding or within 21 days after being served if no response is allowed. *See Thompson v. Wright Nat'l Flood Ins. Co.*, No. 9:18-CV-2372-BHH, 2019 WL 11271196, at *2 (D.S.C. July 3, 2019) (unpublished) (describing these decisions as discretionary).

5

### III.     Discussion

#### A.  Limitation Plaintiff's Rule 55 Motion

As outlined above, Limitation Plaintiffs' affidavits establish compliance with the applicable notice requirements. *See* L.A. DE 31-2 through 31-20. Their request does not include Lopez or Nottingham, and no other person or entity filed claims in the Limitation Action. *See* L.A. DE 31 at 5–6 (excluding, also, entities who may have liens related to Lopez's medical care). Supplemental Rule F(5) requires that claimants timely file a claim and any answers to the owner's complaint in opposition to limitation. *See Complaint of Bellaire Vessel Mgmt., LLC*, No. 5:18CV115, 2019 WL 1179401, at *4 (N.D.W. Va. Mar. 13, 2019) (unpublished) (citing Fed. R. Civ. P. 55(a)) (entering defaults as to potential claimants who did not timely file claims as required by this Supplemental Rule). Thus, the court grants Limitation Plaintiffs' motion for entries of default against all potential claimants who failed to timely file claims within the Limitation Action [L.A. DE 31] under Federal Rule of Civil Procedure 55(a).

#### B.  Limitation Plaintiff's Motion to Dismiss Nottingham's Claims

Nottingham voluntarily dismissed all her claims. L.A. DE 88. This stipulation renders moot Limitation Plaintiffs' motion to dismiss the same claims [L.A. DE 23].

#### C.  Limitation Plaintiff's Motion to Dismiss Lopez's Claims in the Limitation Action

Lopez's amended pleading, L.A. DE 33, superseded the original claim, L.A. DE 16, that the Limitation Plaintiffs moved to dismiss, L.A. DE 21. She filed this amended pleading on the twenty-first day after Limitation Plaintiffs moved to dismiss her original claims, *see* L.A. DE 21 (citing Fed. Rs. Civ. P. 12(b)(6) and 41(b)), but if approval is necessary, the court grants Lopez leave to amend, *see* L.A. DE 33 at 1 (citing Fed. R. Civ. P. 15(a)(2)). Nothing suggests bad faith or undue prejudice to opposing parties who already knew about these claims and promptly

responded. *See* L.A. DE 53; L.A. DE 56. Additionally, Lopez's amended pleading relates back to her timely-filed original claim as it arises from the same conduct. Fed. R. Civ. P. 15(c)(1)(B).

Lopez's operative claim rendered ineffective her superseded claim and set forth the exposition that pleading allegedly lacked. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001)) (explaining that amended pleadings render superseded pleadings "of no effect"). Motions directed at superseded pleadings must be denied as moot. *Freckleton v. Target Corp.*, 81 F. Supp. 3d 473, 479 (D. Md. 2015) (citing the same); *Nat'l Coating & Supplies, Inc. v. Valley Forge Ins. Co.*, No. 5:20-CV-275-M, 2020 WL 4926282, at *1 (E.D.N.C. Aug. 21, 2020) (unpublished) (citing the same). Thus, the court denies as moot Limitation Plaintiffs' motion to dismiss Lopez's superseded claim in the Limitation Action [L.A. DE 21].

### D. Limitation Plaintiff's Motion to Dismiss Lopez's Claims in the Separate Action

Lopez violated the court's order by suing the Limitation Plaintiffs in the Separate Action. In its relevant portion, the order prohibited filing or prosecuting claims against Limitation Plaintiffs related to the Voyage outside the Limitation Action:

> [E]xcept in these proceedings for exoneration from or limitation of liability, any and all person or persons, firms, or corporations claiming damages or losses resulting against David L. Blain, Caroline W. Blain and/or the Vessel from the Voyage and/or Incidents referred in the Complaint are enjoined and restrained from prosecuting or attempting to prosecute other proceedings upon their claims against the Limitation Plaintiffs and, except in this proceeding, any and all person or persons, firms or corporations are enjoined and restrained from commencing or prosecuting any claim or claims, suit or suits, action or actions, or other proceedings of any nature or description against David L. Blain, Caroline W. Blain and/or the Vessel whatsoever for or in connection with or on account of, incidental to, or resulting from the Voyage and/or Incidents until further order of this Court or determination of this action.

7

L.A. DE 6 at 4. Lopez received this order. *See* L.A. DE 31-11; L.A. DE 31-12. She did not, however, request relief from its strictures before separately suing Limitation Plaintiffs. Nevertheless, she maintains that these separate claims should not be dismissed. S.A. DE 28 ¶ 22.

Lopez violated a lawful court order entered under Supplemental Rule F(3). By law, all other related claims and proceedings against a vessel's owners "shall cease" when they properly begin a limitation proceeding. 46 U.S.C. § 30511. While the Fourth Circuit instructs that already-existing actions should be suspended, rather than dismissed, no interpretation of "cease" includes initiating new actions. *See Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444, 449 n.2 (4th Cir. 1999) (choosing among dictionary definitions of "cease" based on statutory context).

Claims brought in violation of a valid court order can be dismissed sua sponte or on Limitation Plaintiffs' motion. *See* Fed. R. Civ. P. 41(b). Contrary to Lopez's contentions, consolidated cases retain separate characters under the traditional rules followed by this court. *See, e.g., U.S. ex rel. Talon Indus. v. AMEC Env't & Infrastructure, Inc.*, No. 7:13-CV-54-BO, 2013 WL 5739119, at *1 (E.D.N.C. Oct. 22, 2013) (unpublished) (citing *Bess v. Cty. of Cumberland, N.C.*, No. 5:11-CV-388-BR, 2011 WL 4809879, at *10 (E.D.N.C. Oct. 11, 2011) (unpublished)); *see also Hall v. Hall,* 138 S. Ct. 1118, 1130 (2018) (discussing extensive support for this traditional approach to consolidation). Thus, Limitation Plaintiffs' motion to dismiss remains pending.

Lopez presents no persuasive argument against granting this motion. She continues to disregard the court's order by characterizing her separate claims against Limitation Plaintiffs as "properly filed." *See* S.A. DE 28 ¶ 27. Staying these claims under the circumstances would amount to no sanction for a clear violation. While Limitation Plaintiffs would suffer little prejudice by staying the Separate Action, the same is true of Lopez if these claims are dismissed without prejudice. Should Limitation Plaintiffs fail to establish their rights to limitation or exoneration,

8

Lopez could pursue the same claims "through a continuation of the limitation proceeding" or in a different proceeding. *Pickle*, 174 F.3d at 449 (citing *Wheeler v. Marine Navigation Sulphur Carriers, Inc.*, 764 F.2d 1008, 1011 (4th Cir. 1985)). She cannot, however, pursue them through an action filed in contravention of a court order. Thus, the court grants Limitation Plaintiff's motion to dismiss Lopez's complaint as to them in the Separate Action [S.A. DE 10].

In contrast, Lopez's claims against Paul Blain in the Separate Action do not present the same problems. *See* S.A. DE 1 at 8–9 (alleging "Negligence/Gross Negligence/Reckless Conduct/Willful/Wanton Conduct" by Paul Blain). The court's order restricted claims against the Limitation Plaintiffs but "does not preclude proceedings against other parties." *See In re Est. of Grandy*, 432 F. Supp. 2d 630, 634 (E.D. Va. 2006) (explaining that a similar order only affected claims against owners). This limitation reflects the statute's scope. *See* 46 U.S.C.A. § 30512 ("This chapter does not affect the liability of an individual as a master, officer, or seaman . . . .").

Paul Blain neither owns the Vessel nor argues that the Limitation Action bars Lopez's separate claims against him. *Cf. In re B & H Towing, Inc.*, 434 F. Supp. 2d 383, 384 (S.D.W. Va. 2006) (denying the request to extend a limitation order to restrict suits against the vessel's master and crew). While Limitation Plaintiffs suggest that claims against Paul Blain in the Limitation Action obviate the need for Lopez's separate suit, *see* S.A. DE 11 at 9–10, the Fourth Circuit cautions against permitting limitation proceedings to unduly constrain litigants' rights, *see generally Wheeler v. Marine Navigation Sulphur Carriers, Inc.*, 764 F.2d 1008, 1011 (4th Cir. 1985) (addressing adequate-fund cases and cases in which limitation has been denied). Considering the plain text of 46 U.S.C. § 30512, the court cannot constrain separate suits against Paul Blain based on the Limitation Action—even if these suits may indirectly impair the Limitation Plaintiffs' financial interests. *See In re B & H Towing, Inc.*, 434 F. Supp. 2d at 384–85

(addressing arguments that separate suits against the ship's master and crew would frustrate legislative intent by depleting the vessel owner's insurance coverage). Thus, Lopez's claims against Paul Blain in the Separate Action may proceed.

### E. Paul Blain's Motion to Strike Lopez's Jury Trial Demand

Still, Lopez has no right to a jury trial in the Separate Action. "[M]ost plaintiffs have no right to a trial by jury if they invoke the federal court's admiralty jurisdiction," but the savings-to-suitors clause provides maritime plaintiffs with other options for preserving their jury trial rights. *See In re Lockheed Martin Corp.*, 503 F.3d 351, 354 (4th Cir. 2007) (citing 28 U.S.C. § 1333(1)). This clause permits plaintiffs to demand a jury trial if they can proceed "at law" in state or federal court. *Id.* Pursuing claims "at law" in federal court requires an independent basis for federal jurisdiction. Put differently, the plaintiff must establish diversity jurisdiction, *id.*, or a bring a claim arising under federal law, *see Matter of Trawler Susan Rose, Inc.*, 227 F. Supp. 3d 444, 448 (E.D.N.C. 2017) (citing *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 154 (4th Cir. 1995)) (explaining the right to a jury trial under federal question jurisdiction when the plaintiff's general maritime negligence claims arose from the same factual circumstances as his Jones Act claims). Without other nonmaritime grounds for jurisdiction, though, proceeding in federal court generally precludes asserting jury trial rights. *See* Fed. R. Civ. P. 9, comment (noting no jury trial right exists for admiralty suits except as provided by statute).

Only admiralty jurisdiction exists here. *See* S.A. DE 1 ¶ 2 (invoking admiralty jurisdiction under 28 U.S.C. § 1333(1) and Federal Rule of Civil Procedure 9(h)). Lopez disclaimed diversity jurisdiction, *see id.* ¶¶ 4–5 (asserting that she and Paul Blain are both North Carolina citizens), and alleges no claims arising under federal law, *see id.* ¶¶ 46–50 (alleging only "negligence, gross negligence, recklessness, and willful or wanton conduct" by Paul Blain). While Lopez can pursue these claims before a jury in state court, she cannot do so here. Thus, the court grants Paul Blain's

10

motion to strike her inappropriate jury trial demand [S.A. DE 22] under Federal Rule of Civil Procedure 12(f).

## IV. Conclusion

To recap, Lopez now stands as the only claimant in the Limitation Action. That proceeding includes her claim against the Limitation Plaintiffs, her third-party complaint against Paul Blain, and the Limitation Plaintiffs' cross-claim against him. Lopez's claims against Paul Blain may proceed in the Separate Action, but these cannot be tried before a jury in this court. The court resolves the pending motions as follows:

- Limitation Plaintiffs' motion for entries of default [L.A. DE 31] is GRANTED;

- Limitation Plaintiffs' motion to dismiss Nottingham's claims [L.A. DE 23] is DENIED AS MOOT;

- Limitation Plaintiffs' motion to dismiss Lopez's claim in the Limitation Action [L.A. DE 21] is DENIED AS MOOT;

- Limitation Plaintiffs' motion to dismiss Lopez's complaint in the Separate Action [S.A. DE 10] is GRANTED IN PART AND DENIED IN PART, such that Lopez's claims against Limitation Plaintiffs are DISMISSED WITHOUT PREJUDICE; AND

- Paul Blain's motion to strike Lopez's jury demand in the Separate Action [S.A. DE 22] is GRANTED.

SO ORDERED this 1st day of March, 2022.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE