IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION – IN ADMIRALTY

Case No. 4:20-CV-00211-M

| | |
|---|---|
| In the Matter of:<br><br>DAVID L. BLAIN and CAROLINE W. BLAIN, Owners of a 1987 Grady White 23' +/- Gulfstream, HIN # NTLCX226J687, NC Registration # NC-7427 BJ, her engines, tackle, apparel, appurtenances, towable tube, tow line, fittings, etc.<br><br>For Exoneration from<br>or Limitation of Liability | JUDGMENT OF DEFAULTS AGAINST NON-APPEARING PARTIES |

THIS CAUSE having come before the court on David L. Blain and Caroline W. Blain's ("Limitation Plaintiffs") as Owners of a 1987 Grady White 23' +/- Gulfstream, HIN # NTLCX226J687, NC Registration # NC-7427 BJ, her engines, tackle, apparel, appurtenances, towable tube, tow line, fittings, etc. ("Vessel"), Motion for Judgment of Defaults Against Non-Appearing Parties, and the court having reviewed the record herein, and being otherwise duly and fully advised in the premises, the court finds pursuant to Rule 55(b) of the Federal Rules of Civil Procedure that:

1. On November 12, 2020, Limitation Plaintiffs filed a Complaint for Exoneration from and/or Limitation of Liability [DE 1], pursuant to 46 U.S.C. §§ 30501 *et seq.* and Supplemental Rule (F), for any injuries, damages or losses of whatever description arising out of the operation of a Vessel from the voyage of the Vessel on or about August 4, 2020 and an August 4, 2020 incident which occurred on the Trent River, a navigable body of water ("Voyage"), the incident referred to in the Complaint.

2. Pursuant to Rule F of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, on or about November 23, 2020, the court duly issued and entered an Order Directing Issuance of Notice, and Restraining Prosecution of Claims. [DE 6]. Further, on or about December 1, 2020, the Clerk of this Court issued notice requiring all persons asserting claims for any and all losses, damages, injuries, deaths, or destruction allegedly as a result of the occurrences and happenings recited in the Complaint, to file their respective claims with the Clerk and serve copies therefore on Limitation Plaintiffs' attorney and to answer the allegation of the Complaint herein on or before March 5, 2021 or be defaulted. [DE 7].

3. Notice of said Order was duly given and published in *The News and Observer* in Raleigh, North Carolina once a week for four (4) successive weeks ending on February 3, 2021 as required by the court and a copy of the Notice to Claimants of Complaint for Exoneration from or Limitation of Liability was mailed to every person known to have made any claim, including all passengers, whether or not a claim was anticipated, against the Vessel or Limitation Plaintiffs arising out of the Voyage on which the claims sought to be limited arose. Notice by Limitation Plaintiffs was, in all respects, proper.

4. The deadline for receipt of claims and answers was March 5, 2021.

5. To date, Limitation Plaintiff has been notified of three claims, those of Kaitlyn Whitt-Tokie, Aleiah Nottingham and Julianna Lopez:

    a. Kaitlyn Whitt-Tokie's claim was resolved and she executed a Release of All Claims; accordingly, Kaitlyn Whitt-Tokie did not respond, appear, answer or set forth a claim;

    b. Kaitlyn E. Fudge [DE 9] and Coleman M. Cowan [DE 12] from the firm of Law Offices of James Scott Farrin gave this Court notice of their appearances as counsels

of record for Aleiah Nottingham. Before the expiration of the monitions period, the Answer to Complaint for Exoneration from and/or Limitation of Liability and the Claim of Aleiah Nottingham [DE 10] were filed. Aleiah Nottingham's claim was resolved and counsel for the parties executed and caused to be filed a Stipulation of Voluntary Dismissal with Prejudice as to the Claims of Aleiah Nottingham [DE 88].

    c.    John R. Taylor from the firm of Zaytoun Ballew & Taylor, PLLC [DE 15] and John Green from the firm of Hall & Green, LLP [DE 70] gave this Court notice of their appearances as counsels of record for Julianna Lopez. Before the expiration of the monitions period, the Answer to Complaint for Exoneration from and/or Limitation of Liability and Third-Party Complaint of Julianna Lopez and the Claim of Julianna Lopez [DE 16] were filed and later amended [DE 33].

    d.    Christopher A. Abel [DE 35] and Jeanne E. Noonan [DE 36], from the law firm of Willcox & Savage, P.C., gave notice of their special appearances in this matter on behalf of Paul E. Blain, along with Justin K. Humphries of The Humphries Law Firm, P.C. [DE 38], who gave notice of his appearance as local counsel for Paul E. Blain. Third-Party Defendant, Paul E. Blain's Answer and Affirmative Defenses to Third-Party Complaint [DE 43] were filed. Paul E. Blain has not asserted a claim in the Limitation Action.

6.    No other person or party has appeared, filed any claims, or filed any pleadings in this matter.

7.    An Order for Entry of Defaults Against Non-Appearing Parties was entered on March 1, 2022 [DE 89].

IT IS ORDERED that Judgment of Defaults is had as to all non-asserted claims arising from the Voyage at issue in this limitation action and against all non-appearing parties having an interest in this matter; that all persons in default are barred, enjoined and restrained from filing, commencing or prosecuting any claim, answer, suit, action or other proceeding of any nature or description whatsoever for or in connection with or on account of, incidental to, or resulting from the Voyage in this or any proceeding relating to the Voyage at issue; that Limitation Plaintiffs are exonerated from liability as to all persons in default; and that the concursus of remaining claimants in this action consists only of Julianna Lopez.

SO ORDERED this 8th day of December, 2022.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE